## Case No. 3,651

### DAVIS et al. v. The SENECA.

[Gilp. 34.] [1]

District Court, E. D. Pennsylvania. Dec. 30, 1828.

ADMIRALTY APPEALS—APPEALABLE DECREES—PART OWNERS.

1. An appeal lies from a decree of the district court, refusing an order for the sale of a vessel, on an application by one of two part owners, who have an equal interest.

2. After an appeal, a vessel, which was the subject of the decree in the district court, passes into the custody of the circuit court, and is no longer under the control of the former tribunal.

[Cited in Wilson v. Bell, 20 Wall. (87 U. S.) 225; Kynoch v. The S. C. Ives, Case No. 7,958.]

─────────────

[1] [Reported by Henry D. Gilpin, Esq.]

On the 27th December, Mr. Wharton, of counsel for [Davis and Brooks] the complainants in this case, moved for leave to enter an appeal from the decree of the court, rendered on the 23d of December. [Case No. 3,-650.]

Mr. Chauncey, for [Henry Levely] the captain and part owner, opposed the appeal.

The complainants must show that the decree made in this case is a final decree, coming within the act of congress. If the petition was for the sale, or possession of the vessel, it was in nature of a possessory action; it was an application to the court for an order, which the court has decided it had no power to give. The twenty-first section of the act of congress of 24th September, 1789 [1 Stat. 83], contemplates a final decree in a case in which the "matter in dispute is of the value of three hundred dollars." Is this such a final decree? Is it not rather, like the case of a debtor under the insolvent laws? 1 Story, Laws, 60. The former prayer of the complainants having been refused, I ask that, if this appeal be now allowed, the vessel shall be liberated from the custody of the officers of the court, and delivered to us on bail. The Guardian, 3 C. Rob. Adm. 93; The Aurora, Id. 133; The Ariadne, 2 Wheat. [15 U. S.] 143; The Grotius [Case No. 5,844].

Mr. Wharton, for the appeal.

1. Does the act of congress give an appeal in this case? 2. If it does, is it not a supersedeas to the entire decree, and can the court proceed or act upon that decree, as the foundation of a further order, such as the respondent has asked for?

I. The provisions of the act of 24th September, 1789, have been referred to; but by the subsequent act of 3d March, 1803 [2 Stat. 244], an appeal may be taken where the matter in dispute is of the value of fifty dollars. 2 Story, Laws, 905. It is incumbent on us to show (1) that this is a final decree; (2) that the matter in dispute is of the value of fifty dollars. 1. It is certainly a final decree; for it concludes the matter in dispute between the parties. It decides the question raised between them. No further proceeding or decree can be had here in relation to it. It is not preliminary to any further action of the court upon the matter. 2. As to the value. One half of the vessel may be taken to be the matter in dispute; or the profits incident to that one half, which may be derived from the use of it. All suits in the admiralty are now for the possession of property; or, to establish liens. The right of possession is itself a subject or matter of profit and property. In an ejectment, the object is to obtain possession; yet error lies, and the value will be inquired into. Serg. Const. Law, 40; Hall, Adm. Pr. 84, 85; M'Clung v. Silliman, 6 Wheat. [19 U. S.] 598.

II. That an appeal is an absolute supersedeas to any further proceeding by this

court, is not established. Serg. Const. Law, 43, 75, 136; The Collector, 6 Wheat. [19 U. S.] 194; U. S. v. Wonson [Case No. 16,750]; Anon. [Id. 444]; The Grotius [supra].

Mr. Chauncey, in reply.

There must be a substantial controversy between the parties as to the right of property or possession. The matter must be susceptible of valuation, and ascertained to exceed fifty dollars in value. In all cases submitted to the discretion of the court, and requiring an extraordinary extension of its power, no appeal is allowed; as in the case of the dismissal of an insolvent's petition.

HOPKINSON, District Judge. · The petitioners and the respondent are the equal part owners of the brig Seneca. The latter being master, as well as part owner, had possession of her, and was about to take her to sea, against the consent of the petitioners. To prevent this, they applied to this court, praying that the court would either order a sale of the vessel, or take her from the possession of the respondent, and permit them to send her to sea, with a master to be appointed by themselves. The cause was argued on these points, the property being in the custody of the court, and no application was made by either party to make any other disposition of it, pending the hearing, or to make any order or decree concerning it, other than a final one on the petition. The court refused both of the prayers of the petition. The petition was dismissed, but a further order was made, preventing the respondent from taking the brig to sea, without giving bail to secure her safe return, for the other owners, in the usual manner. The petitioners now offer an appeal from this decree, which is opposed by the respondent, who also requires that if the appeal be allowed, the vessel should nevertheless be discharged from the attachment, and restored to his possession, on his giving the usual bail to answer the appeal. On the other hand, it is contended by the petitioners, that the vessel must go with the appeal to the circuit court, in the situation in which she now is; and that this court can make no order to dispose of her in the mean time, its power over her being paralysed by the appeal. The case may be called anomalous, and presents difficulties on every side. It is obvious that to remove the attachment from the brig, and restore her to the possession of the respondent, is to let her go to sea under his command and control, and to take from the petitioners all the benefit they may expect from their appeal; to continue her under the attachment, is to keep her not only in an useless but an expensive condition for all concerned. If the decree of this court should be reversed by the circuit court, how will the bail given by the respondent avail the petitioners in obtaining the object of their petition, to wit, a sale or delivery of the brig to themselves? The bail in such a

case could not be a substitute for the thing. But if the vessel remains and passes into the custody of the circuit court, she will be ready to meet the judgment of that court, on the matter in dispute between the parties; that is, to be sold, or delivered to the petitioners, or to be restored to the respondent. When the dispute is about the ownership of property as in case of prize; or where a lien is claimed, as in a suit for seamen's wages; it is clear that bail may answer for the value in one case, and for the debt in the other. But in this case, there is no controversy about the ownership of the property, nor is the payment of any debt claimed from it; the whole dispute goes for the possession and we would take from the superior court the power to give the possession as it may adjudge to be right, if we do not give them the property of which the possession is claimed. In the case that has been mentioned of a libel against a vessel as prize, whatever might be done by the district court, pending the proceeding, and while the property is in the custody of the court, it seems, from the case of The Grotius [supra], that after a decree pronounced in favour of the claimants and an appeal taken, the property cannot be delivered to them by the district court on bail. So in the case of seamen's wages, though it has been the practice to relieve the vessel attached, on bail entered pending the suit, no such indulgence has ever been allowed, as far as I can learn, after a decree and appeal.

The counsel of the respondent has insisted that as there has not been, in the proceedings of this case, a strict attention to form, he should now have the same advantage of claiming the brig on bail, as if he had asked for it before the decree. The only informality has been that the answer to the petition was not reduced to writing, and filed before the argument; but it was distinctly and substantially stated orally by the counsel for the respondent, and reduced the dispute to a point so clear and single, that there could not be, as there was not, any misunderstanding about it, either with the court or the counsel. To put it afterwards in writing and file it, was truly mere form. But we cannot say so of the claim to discharge the vessel from the process of the court, and return her to the respondent, which, so far from being matter of form, is the sole and substantial matter of controversy in the case. I would not be understood to intimate that such a motion would have been granted, in any stage of the proceeding in this case, so unlike those in which similar applications have been granted; but merely to say that I shall decide the question as it now comes before me.

An appeal is given from the decree of this court, when it is final, and the matter in dispute exceeds the value of fifty dollars. The appellants must have both these points in their favour. The decree in this case, in my opinion, was final: it dismissed the case

from the court; it did all that the court could do with it; it decided finally, as far as it could, the matter in dispute between the parties. But it is further necessary that that matter should exceed the value of fifty dollars. Does this mean the subject concerning which the dispute arises; or the question between the parties in relation to it? The subject here, about which the dispute has arisen, is a vessel, certainly of more value than that required by the act of congress; but the question between the parties is not about the property or ownership of the vessel, but her possession and employment. What can we say is the value of this matter of dispute? In the case of the mandamus [M'Clung v. Silliman] 6 Wheat. [19 U. S.] 598,—referred to by the petitioners' counsel, the salary, annexed to the office in dispute, furnished and was taken as a standard by which its value might be ascertained with sufficient precision. We have none such here. So in the case of an ejectment, which tries the title as well as the right of possession in the land, the matter in dispute is susceptible of a satisfactory valuation. The right of possession of this brig, the counsel of the petitioners say, is a matter of profit and property. If it be so, yet the question returns. What is its value? The answer depends upon unknown contingencies. Instead of being a source of profit, an object of value, the possession and use of the brig may be the means of misfortune and loss. It would be difficult to fix this question by affidavit. She may be employed on an unprofitable voyage; she may or may not be let to freight, and may therefore lie idle; or she may be let to freight, which in various ways may be lost, as the vessel herself may be. In this uncertainty, the vessel being clearly of a sufficient value and perhaps the true guide, I feel it to be my duty to incline in favour of the appeal, not only because it is a valuable right to the party, but from a proper delicacy in the exercise of my judicial authority, for which I should be solicitous not to claim too much. Besides, if the appeal is allowed, improperly, it will be dismissed by the circuit court, with less inconvenience, and delay than it could be compelled, if improperly refused.

The appeal being allowed, the question recurs, what is to be done with the vessel in the mean time? I have already substantially answered it. To deliver it to the respondent, or as he proposes, on bail, I repeat, would be to defeat the appeal, and render it an absolute nullity. It would be to execute irrevocably the very sentence appealed from. But independent of the effect of such a proceeding in this case, so peculiar in its circumstances, the opinion of Judge Story in the case of The Grotius [supra], fully confirmed by the supreme court in that of The Collector, 6 Wheat. [19 U. S.] 194, advises me that I have no power to direct it. "After an appeal" says the judge, "the property is removed from the legal custody of the district court, and

is no longer subject to its interlocutory orders." Being removed from this court, it must follow the appeal and passes at once into the custody of the superior or circuit court; to whom any application about the disposition of it must be made. I am aware of the inconveniences of this course to the respondent, which, by the by, are shared by the petitioners, as this vessel, in which they are equally interested, must lie useless to all until the meeting of the circuit court. I regret these inconveniences, but can meet them only by the language of Judge Story, that "it will be for the legislature to remove them by giving authority to either of the judges of the circuit court to make any interlocutory orders respecting property in its custody." The order of the court, in this case is, that the appeal be allowed.

[NOTE. The circuit court reversed the decree from which the appeal was taken. Case No. 12,670.]